The opinion of the Court ivas delivered by

Mr. Justice Johnson.

The two first grounds which are set down in arrest of judgment, contain propositions so clearly settled by authority, that all reasoning upon them would be wholly'lost. The defendant, it will be observed, is indicted under" the statute of Jinn, St. 2. 0. 9. which is of force in this state, as for a misdemeanor. Upon referring' to that statute, it will be found that it is only-intended to apply to cases where the principal offender has not been convicted. In this case, it is in evidencet hát the principal offender was convicted and consequently the statute does not apply. It has been contended however, that although the indictment may be bad, under the statute, yet it may be good as for a misdemeanor at common law. It is true that receiving stolen goods was a misdemeanor at common law; but the statute of 3d. & 4th. Wm. & Mary, c. 9. also of force here, makes the receiver an accessory after the fact, and places him precisely in the same situation as an accessory at common law, which operates as a repeal of the common law, for the obvious reason that it wholly changed the character of the offence; 3d Chitty, Crim. Law, 713, 14. It follows therefore conclusively, that when the principal felon has been convicted, the receiver can only be indicted as an accessory after the fact. These remarks apply to tire first ground only, but tjie rule with the respect to *55 the second, is equally clear. The statute of William and Mary, only applied to cases where the common law admitted of ac-cessaries; and. by the common law, there could be no accessa-ries in petit larceny; so that if in truth, the principal was convicted of that offence, the defendant ought to be discharged, 3d. Chiity. 713. The case of Abraham Evans, Foster, 73.
It is necessary here to remark, that these grounds apply rather to the motion for a new trial, than in arrest of judgment; as they arise out of the facts proved, rather than out of' the indictment. The. defendant’s counsel were hovrevér, led to this course, by a suggestion of the presiding judge, in the court below; the defendant is therefore entitled to the full benefit of them, and a new trial is accordingly ordered.
For the purposes of the present motion, it would be unnecessary to remark further on the case; but the offence of the defendant, as developed by the evidence, was very flagrant, and! as the probability is, that the prosecution will not be abandoned here, I have thought it advisable to notice a few difficulties which may present themselves in the course of the prosecution, rather with a view of directing the attention of the council t* them, than to express any decided opinion upon them.
The principal felon in this- case, was a slave; and was tried and convicted before a court consisting of magistrates and freeholders, organized under the act of 1740. Pub. Latos 166; and this act authorizes them to inflict, in cases not capital, any punishment at their discretion, not extending to life or member; and it may admit of a question: 1st. Whether such a conviction can he given in evidence on the trial of the accessary? 2d. What shall constitute sufficient evidence of a conviction?. 3d. Whether,' in as much as the conviction was in another court and under another jurisdiction, it is not necessary to set out the conviction at full length in the indictment? 4th. Whether, the punishment being discretionary, other evidence than the conviction itself may not be permitted, to show that the offence •of the principal was grand or petit larceny, and thereby give character to the offence of the receiver. Under all these circumstances, my mind inclines strongly to the conclusion, that the prosecution against the receiver, as accessary, may he sustained o» such a conviction; feat the object of these remarks is *56 attained, by calling the attention of the counsel to the questions which may arise.
Johnson, JVott, Richardson, Huger, ColcocTc and Gantt, Justices, concurred.